UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DIRECTORY ASSISTANTS, INC., ) | |
| ) | |
| Plaintifff, ) | CIVIL ACTION NO. 3:11cv00801-MRK |
| ) | |
| v. ) | **JURY TRIAL DEMANDED** |
| ) | |
| JOHN DOE, ) | |
| ) | |
| Defendant. ) | JANUARY 4, 2012 |

## AMENDED COMPLAINT

The plaintiff, Directory Assistants, Inc. ("Directory Assistants"), by its attorneys, alleges the following upon personal knowledge and, after due investigation, upon information and belief as to matters not within personal knowledge.

### JURISDICTION AND VENUE

1. Upon information and belief, this Court has jurisdiction over the claims in this case pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the matter in controversy exceeds $75,000 exclusive of interest and costs.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because Directory Assistants conducts business in this district, the activity about which Directory Assistants complains has taken place and is continuing to take place in this district, and Directory Assistants has suffered injury in this district.

## THE PARTIES

3. Directory Assistants is a corporation organized and existing under the laws of the State of Connecticut with its principal place of business located at 500 Winding Brook Drive in Glastonbury, Connecticut.

4. Upon information and belief, the defendant, whose name is not presently known to Directory Assistants ("Defendant"), is an individual living in or near Knoxville or Nashville, Tennessee who has posted messages regarding Directory Assistants on one or more web sites.

5. Upon information and belief, the Defendant is responsible for all of the postings attributed to him in this Complaint given the similarities in content, syntax, grammar, word choice, and spelling among these postings.

6. Directory Assistants intends to seek permission from this Court to engage in expedited discovery and to amend this Complaint once it has learned Defendant's identity.

## FACTUAL BACKGROUND

### I. Directory Assistants' Business

7. Directory Assistants is an advertising consulting agency specializing in helping businesses advertise more efficiently and economically in yellow page directories.

8. Directory Assistants is a customer-oriented business that counts among its thousands of satisfied customers large and small businesses in numerous industries in virtually every state across the United States.

9. Directory Assistants enters into a written consulting agreement with each client.

10. Under its written consulting agreement, Directory Assistants agrees to provide advice regarding a client's yellow page directory advertising and educate advertisers how to reduce costs.

11. In exchange, the client agrees that, if the client saves money on its yellow page directory advertising, the client will pay Directory Assistants a contingency fee calculated using a method that is chosen by the client at the time of entering into the contract.

12. Directory Assistants' written consulting agreement also addresses the circumstance where a client has pre-existing, independent plans to change its yellow page directory advertising. Under the written consulting agreement, if a client provides notice of any specific pre-existing plan to reduce costs prior to hiring Directory Assistants, then Directory Assistants is not entitled to any portion of those savings. The client's pre-existing, independent savings plans must be disclosed prior to contracting and before Directory Assistants delivers its cost saving strategies.

13. Directory Assistants also provides other services relating to yellow page directory advertising, including dealing directly with yellow page directory companies and their sales personnel on behalf of Directory Assistants' clients.

## II. Defendant's False and Misleading Postings

### A. Defendant's Posting on ScamInformer.com

14. On or about April 10, 2011, Defendant posted a message regarding Directory Assistants on the web site http://www.scaminformer.com ("ScamInformer.com"), identifying himself as "USER239330" (the "ScamInformer Posting").

15. The public can access ScamInformer Posting by searching for "Directory Assistants" on ScamInformer.com.

16. The public can also access the ScamInformer Posting through internet search engines by searching for "Directory Assistants."

17. The ScamInformer Posting included the following headline:

**Directory Assistants Inc David Ford, Dan Cassain Do Not Sign a Contract with this Company Glastonbury, Connecticut**

18. David Ford is the President of Directory Assistants.

19. Michael Cody is the Vice President of Directory Assistants.

20. Dan Cassin is a former employee of Directory Assistants.

21. The ScamInformer Posting included the message:

> Do not sign a contract with this company. Once you sign the contract you are not a customer, but a victim of their contract. They won't help you lower your ad costs. They will only tell you to reduce the size of your ad and when you do or make any changes at all they will charge you exhorbitant [sic] and outrageous fees. Dan C. is the good cop. He looks nice and is professional. Once they get you to sign, then you will be dealing with David Ford who sounds like a mafia kingpin. He will threaten to take you to court if you don't pay exhorbitant [sic] fees. Their contract if full of deceptive devices that work in their favor.

**B.  Defendant's Posting on RipOffReport.com**

22. On or about April 11, 2011, Defendant posted a message regarding Directory Assistants on the web site http://www.ripoffreport.com ("RipOffReport.com"), identifying himself as "Andrew (Knoxville Tennessee United States of America)".

23. Upon information and belief, in posting his message on or about April 11, 2011, Defendant created a "Report," which RipOffReport.com categorized as Report #716261 and which existed as a separate page on RipOffReport.com (the "Report 716261 Page").

24. The public can access the Report 716261 Page by searching for "Directory Assistants" in the "Search Company" box at the top of the main page of RipOffReport.com.

25. The public can also access the Report 716261 Page through internet search engines by searching for "Directory Assistants."

26. The Report 716261 Page contains Directory Assistant's name, business address and telephone number.

27. The Report 716261 Page included the following headline:

**Directory Assistants Inc David Ford, Dan Cassain Do Not Sign a Contract with this Company Glastonbury, Connecticut**

28. David Ford is the President of Directory Assistants.

29. Michael Cody is the Vice President of Directory Assistants.

30. Dan Cassin is a former employee of Directory Assistants.

31. The Report 716261 Page included the message (the "ROR Posting"):

Do not sign a contract with this company. Once you sign the contract you are not a customer, but a victim of their contract. They won't help you lower your ad costs. They will only tell you to reduce the size of your ad and when you do or make any changes at all they will charge you exhorbitant [sic] and outrageous fees. Dan C. is the good cop. He looks nice and is professional. Once they get you to sign, then you will be dealing with David Ford who sounds like a mafia kingpin. He will threaten to take you to court if you don't pay exhorbitant [sic] fees. Their contract if full of deceptive devices that work in their favor.

32. On May 10, 2011, Directory Assistants received copies of emails sent from a yellow pages publisher to one of Directory Assistants' prospective customers in Virginia – Dr. Catherine Fulton. These emails included links to, among other things, the posts that the Defendant made on RipOffReport.com and ScamInformer.com. Dr. Fulton subsequently refused to do business with Directory Assistants.

33. Another prospective customer in Virginia, Ingram Auto Parts, also declined to do business with Directory Assistants after viewing the RipOffReport Posting and/or the ScamInformer Posting.

34. The emails from the Virginia yellow page publisher also encourage the yellow pages publisher's sales employees to send links to the RipOffReport Posting and the ScamInformer Posting to any customers who discuss the possibility of hiring Directory Assistants. Directory Assistants does not know at this time how many more potential customer and prospective customer relationships have been affected by this conduct.

35. Directory Assistants has spent significant amounts of employee time and money to address the Defendant's false allegations, monitoring the internet for additional false and misleading posts, soliciting and reviewing proposals for services to help repair Directory Assistants' online reputation, and preparing this lawsuit to identify the defendant and investigate the complete extent of the harm that the Defendant's posts have caused. Directory Assistants believes that other customers or prospective customers have chosen not to do business with Directory Assistants based on the Defendant's statements without giving Directory Assistants the opportunity to defend itself and its business.

### FIRST CLAIM FOR RELIEF
### Tortious Interference With Contractual Relationships

36. Directory Assistants hereby repeats and realleges each and every allegation set forth in paragraphs 1 through 35 of this Complaint.

37. At all times pertinent to this Complaint, Directory Assistants has maintained contractual relationships with numerous customers across the United States.

38. Upon information and belief, Defendant was aware of one or more of these contractual relationships.

39. Upon information and belief, Defendant posted false and misleading statements regarding Directory Assistants and its employees on the World Wide Web with the intent to interfere with one or more of Directory Assistants' existing contractual relationships.

40. Defendant's interference was tortious because it involved fraud, misrepresentation, molestation and/or malice.

41. Defendant's conduct has caused Directory Assistants to suffer actual damages.

42. Upon information and belief, Defendant acted with reckless disregard to the rights of Directory Assistants and/or Defendant's conduct was willful, wanton and/or malicious.

## SECOND CLAIM FOR RELIEF
### Tortious Interference With Business Expectancies

43. Directory Assistants hereby repeats and realleges each and every allegation set forth in paragraphs 1 through 42 of this Complaint.

44. At all times pertinent to this Complaint, Directory Assistants has maintained business relationships with numerous former customers and prospective customers across the United States.

45. At all times pertinent to this Complaint, Directory Assistants has had a reasonable prospect of entering into future contractual or otherwise profitable business relationships with these entities.

46. Upon information and belief, Defendant was aware of one or more of these business relationships and/or DAI's prospects of entering into future business relationships.

47. Upon information and belief, Defendant posted false and misleading statements regarding Directory Assistants and its employees on the World Wide Web with the intent to interfere with one or more of Directory Assistants' business relationships and/or its potential to enter into future business relationships.

48. Defendant's interference was tortious because it involved fraud, misrepresentation, molestation and/or malice.

49. Defendant's conduct has caused Directory Assistants to suffer actual damages.

50. Upon information and belief, Defendant acted with reckless disregard to the rights of Directory Assistants and/or Defendant's conduct was willful, wanton and/or malicious.

### THIRD CLAIM FOR RELIEF
#### Permanent Injunction

51. Directory Assistants hereby repeats and realleges each and every allegation set forth in paragraphs 1 through 50 of this Complaint.

52. As a result of the actions and misrepresentations by Defendant as set forth herein, Directory Assistants is entitled to permanent injunctive relief in the form of an order prohibiting Defendant from making further false or misleading statements regarding Directory Assistants and its officers and employees.

53. As a result of the actions and misrepresentations by Defendant as set forth herein, Directory Assistants is entitled to permanent injunctive relief in the form of an order prohibiting Defendant from making further statements regarding Directory Assistants under an alias.

54. Directory Assistants is likely to suffer irreparable harm in the future without this injunctive relief.

55.     Directory Assistants has no adequate remedy at law to compensate for the irreparable harm it is likely to suffer if permanent injunctive relief is not entered in this case.

## FOURTH CLAIM FOR RELIEF
### Defamation

56.     Directory Assistants hereby repeats and realleges each and every allegation set forth in paragraphs 1 through 55 of this Complaint.

57.     The Defendant published defamatory statements about DAI and/or its officers and/or its employees on the websites www.scaminformer.com and www.ripoffreport.com.

58.     The Defendant's false statements have damaged Directory Assistants reputation and have caused Directory Assistants to suffer damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Directory Assistants prays that this Court enter judgment in its favor on each and every claim for relief set forth above and award it relief including, but not limited to, the following:

1.     Monetary damages including, but not limited to, nominal damages, general damages, special damages and actual damages;

2.     Punitive damages pursuant to Connecticut common law;

3.     Permanent injunctive relief;

4.     Attorneys' fees and litigation costs pursuant to Connecticut common law;

5.     Interest; and

6.     Such other and further relief, in equity and in law, as the Court, in its discretion, may deem appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues triable by jury in this matter.

**PLAINTIFF,
DIRECTORY ASSISTANTS, INC.**

By:  _/S/ Brett J. Boskiewicz_  (ct25632)
Frank F. Coulom, Jr. (ct05230)
Brett J. Boskiewicz (ct25632)
Robinson & Cole LLP
280 Trumbull Street
Hartford, Connecticut 06103
Tel:     (860) 275-8200
Fax:    (860) 275-8299
E-mail: fcoulom@rc.com
            bboskiewicz@rc.com

## **CERTIFICATION**

I hereby certify that the Defendant has not appeared and has not been served because his or her true identity remains unknown to Directory Assistants. I further certify I will provide a copy of this motion and the documents filed in support thereof to anyone who contacts me to request them.

/S/   Brett Boskiewicz (ct25632)
Brett Boskiewicz